OPINION
{¶ 1} By judgment entry filed October 17, 2005, appellant, Tony Isaac, was sentenced to an aggregate term of twenty-eight years in prison after pleading guilty to five counts of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE WAS UNCONSTITUIONAL AS IT WAS BASED ON AN UNCONSTITUTIONAL STATUTE."
 I {¶ 4} Appellant claims the trial court erred in sentencing him. We agree.
 {¶ 5} Specifically, appellant claims the trial court sentenced him under unconstitutional statutes based upon the Supreme Court of Ohio's opinion in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, wherein the Foster court held R.C.2929.14(B) and (C), R.C. 2929.19(B)(2), R.C. 2929.14(E)(4) and R.C. 2929.41(A), requiring "judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" and/or consecutive sentences, are unconstitutional. Id. at ¶ 83. TheFoster court severed the statutes, and concluded "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 6} In addition, the state concedes this issue in its brief at 2.
 {¶ 7} In accordance with the directives of the Foster
court, we grant the assignment of error and vacate the sentences herein. The matter is remanded to the trial court for resentencing pursuant to Foster.
 {¶ 8} The sole assignment of error is granted.
 {¶ 9} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded.
By Farmer, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.